**EMPLOYERS INSURANCE OF WAUSAU, Plaintiff,**

v.

**TROTTER TOWING CORP., a Corp., et al., Defendants.**

**TROTTER TOWING CORPORATION, et al., Counter-Plaintiffs-Appellants, Cross-Appellees,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Counter-Defendant-Appellee, Cross-Appellant.**

No. 86–4790.

United States Court of Appeals, Fifth Circuit.

April 7, 1988.

Frank S. Thackston, Jr., Claude L. Stuart, III, Greenville, Miss., for appellants.

Gary T. Sacks, Joel K. Goldstein, St. Louis, Mo., Ernest Lane, III, Greenville, Miss., for appellee.

Before CLARK, Chief Judge, GEE, and RUBIN, Circuit Judges.

## ON PETITION FOR REHEARING

(Opinion Jan. 4, 1988, 5th Cir.1988, 834 F.2d 1206)

PER CURIAM:

■ Plaintiffs-Appellants seek rehearing on five grounds. The first is that we mistakenly held as a matter of law that the 100–mile Trading Warranty was breached without permitting them an opportunity to develop factual proof which was denied because of the district court's preliminary ruling that the automatic acquisition clause overrode the trading warranty limitation. The proof would consist of establishing that the point where M/V SHENANDOAH burned—established to be between Mississippi River Mile Marker 714 and River Mile Marker 716—was really within a straight-line overland distance of 100 nautical miles, if the distance were measured "as the crow flies," from the northernmost point of the city limits of Greenville, Mississippi. The record reflects without dispute that the port at which M/V SHENANDOAH was insured at "port risk" is located at River Mile Number 537. The Mississippi River distance from the Port of Greenville to the point of fire measured in statute miles of 5,280 feet is thus either 177 or 179 miles. Even if nautical miles of 6,076 feet were used in the calculation of river distance from the port, where M/V SHENAN-DOAH was warranted to be, to the point at which it caught fire, the distance would be over 150 miles. We refuse rehearing which would permit a remand for consideration of the contention that the trading warranty might be applied to "crow fly" travel by M/V SHENANDOAH or any travel other than along the Mississippi River measured according to mileage normally used for such travel.

The second ground for rehearing asserts that plaintiffs should be allowed to argue to the trial court that defendant waived the 100–mile Trading Warranty provision of the policy by paying claims on M/V MARTHA TROTTER—a vessel insured on all rivers navigational status—without regard to geographic location. This ground is without merit.

The third ground for rehearing asserts that plaintiffs should be allowed to prove defendant is estopped to invoke the Trading Warranty because of the automatic acquisition clause and because of representations made in a letter from a marine broker about the automatic acquisition clause—a letter held to be inadmissible by the trial court. This ground is contrary to the construction placed on the automatic acquisition clause by this court, and the petition for rehearing on this ground is denied.

■ The fourth ground for rehearing asserts that plaintiffs want to try as an issue of fact that the 100–mile Trading Warranty was included in policy EWH–5234 by mistake. The record discloses that the Trading Warranty was included in the two preceding policies which policy EWH–5234 renewed and it was also contained in the renewal policy which followed this policy. This court specifically requested the parties to respond to the following question:

> Why was the 100 mile trading warranty written in the policy, if no vessels scheduled at the time were subject to it and vessels acquired later were to be covered without any navigational limits?

Plaintiffs made no mention of mistake in its written response. We decline to entertain this issue for the first time on rehearing.

The fifth ground asserts that the district court's decision to bifurcate the issues of coverage and bad faith precluded all development of the bad faith issue in the present record. This court's opinion expressly dealt with the district court's treatment of the bad faith issue and found proper standards were applied in the summary judgment proceedings which we affirmed. The petition for rehearing on this ground is denied.

DENIED.